BROWN *vs.* ALFRIEND.

1. Under §§295 and 308 of the Code, read in connection with §§4082 and 4083, the county judge has the same power to issue a distress warrant as the justice of the peace, and if the property be replevied and a case made for trial, and the amount sworn to be such a sum as to give the superior court jurisdiction to try and determine, the case may be returned by the levying officer to the superior court for hearing.

2. A tort committed by " the people of the plaintiff" upon the tenant's crop, cannot be set up by way of recoupment against the landlord's rent, especially where there is no allegation that the plaintiff or- dered the tort committed ; and evidence offered to set it up was properly rejected, more especially in a case where the pleadings did not authorize its introduction.

Distress warrant.   Courts.   Jurisdiction.   Recoupment. Torts.   Before Judge Pottle.   Hancock Superior Court. April Term, 1878.

Alfriend sued out a distress warrant against Brown before the county judge ; defendant filed a counter-affidavit.   The amount involved being $400.00, the case was returned to the superior court.   On the trial, defendant moved to dismiss the warrant for want of jurisdiction in the county judge to issue it, it being for more than he had the power to dispose of ; the motion was overruled.   The jury found for plain- tiff.   Defendant moved for a new trial, which was refused, and he excepted.   For the other facts, see the opinion.

J. T. Jordan, for plaintiff in error, cited as follows : Until 1871 justices alone could issue distress warrants, 24 *Ga.*, 166 ; 15 *Ib.*, 113.   Jurisdiction of county judge, Code, §§295, 283, 300.   Recoupment, Code, §2284 ; Taylor's Land. and T., 273 ; 48 *Ga.*, 172 ; 49 *Ib.*, 272 ; 56 *Ib.*, 11 ; 55 *Ib.*, 180, 75.

Seaborn Reese, for defendant, cited as follows :  Jurisdic- tion of county judge, Code, §§4082, 308.   Recoupment bad, Code, §§2203, 2961, 2962 ; 49 *Ga.*, 272 ; 38 *Ib.*, 547.

Jackson, Justice.

Under the certificate of the judge on the motion for a new trial, but two questions are made in this record : first, has the judge of the county court authority in law to issue a distress warrant for rent where the sum distrained for is $400.00 ? and secondly, did the court err in rejecting the

following answer to the question, "why he did not pay the rent"? put to defendant, to-wit: "that the people of plaintiff went and took down the fence and let the stock in on the crop ; and that plaintiff's stock were notoriously mischievous, and that in full view of her door she permitted them to eat up his crop, and that after being notified"?

1. In respect to the first question, it is enough to say that §295 of our Code gives the judge power "to issue and dispose of distress warrants"; and §308 declares that "all the law of the state applicable to civil proceedings before justices of the peace, not inconsistent with the provisions of this chapter, and which can be applied to civil proceedings before the said county judge, are hereby made a part of this chapter"; and that §4082 of the Code gives the power to justices of the peace to issue distress warrants for rent, and provides that "if the sum claimed to be due exceeds one hundred dollars, said warrant shall be levied by the sheriff . . . who shall advertise and sell as now provided by law for sheriffs' sales"; and the next section, 4083, provides that the case, in the event the property levied on is replevied, shall be returned "to the court having cognizance thereof."

These latter sections are as applicable to county judges as to justices of the peace by the express words of §308 ; because those sections "are applicable to civil proceedings before justices of the peace", and "can be applied to civil proceedings before the said county judge", and are "not inconsistent with the provisions of the chapter" about the county judge. The meaning is clearly that the county judge shall proceed as a justice of the peace would, to issue the warrant in all distress cases ; and perhaps to try the case throughout, with right of appeal to the superior court. But certainly the superior court has jurisdiction to try the case, if returned by the levying officer to that court originally, which was done here, and all we do here is to decide that the county judge may issue the distress warrant, and if over two hundred dollars, that then the superior court may try it when a case is made.

2. In regard to the second point, we think that there is no error for three reasons : first, because the pleadings—the affidavit of the defendant—do not authorize the evidence, there being no allegation that anybody pulled down the defendant's fence and let cattle on his crop ; secondly, because there is no offer to prove that plaintiff committed the tort, or ordered it done ; and thirdly, because the damages sought to be recouped do not arise, according to the evidence rejected, out of the contract of rent.    See §2910 of Code.

Judgment affirmed.