GERDING, surviving partner, *vs.* ADAMS.

To a suit on a note given for the purchase money of three mules, it is
 not matter of recoupment that the vendor had caused one of them
 to be sold under an attachment which was void because not based
 on any affidavit. If the sale was wrongful it was a tort. The
 attachment arose, not out of the contract, but out of a breach by
 the defendant himself.

Recoupment. Contracts. Damages. Attachment. Be-
fore Judge LAWSON. Putnam Superior Court. Septem-
ber Term, 1879.

Adams brought suit against Gerding, surviving partner,
on a promissory note given for the purchase of three
mules. Defendant pleaded, among other things, that the
plaintiff had caused an attachment to issue and be levied
on one of the mules, which was sold thereunder, and that
the attachment was void because not founded on any affi-
davit. On this account defendant sought a recoupment
against the plaintiff. On demurrer the court struck this
plea, and this forms one of the assignments of error.

W. B. WINGFIELD; W. F. JENKINS, for plaintiff in
error.

S. A. REID; M. W. LEWIS & SONS; CALVIN GEORGE,
for defendant.

JACKSON, Justice.

This suit was on a note for $330.00 for three mules,
given by defendant's firm to the plaintiff. The only ques-
tion pressed before us is whether, after the note fell due
and one of the mules was attached and sold, the defend-
ant could recoup, because of the fact that the attachment
was wrongfully sued out, it not being sworn to properly
or sworn to at all. The attachment had nothing to do

with the contract by which the defendant promised to pay for these mules and gave his note therefor, but was a remedy which sprang from the law of the land which gave the plaintiffs the right to attach it if the note was not paid. It would be curious if, after the defendant did not make any defense to the attachment on the ground of want of affidavit or otherwise, he should be allowed to recoup in damages for its being illegally sued out.

The mule attached sold for $27.00, and the court allowed that as a credit on the note.

The verdict is right—at least the evidence is sufficient to support it. The defendant kept and worked the mules without complaint, so far as the record shows, and ought to pay for them. And the only point urged before us is that which arises out of the plea to recoup, because, in suing out the remedy the law gave him, the plaintiff made some mistake in regard to the affidavit.

That attachment did not arise out of the contract, but in violation of it by the defendant's not paying the note. It was a tort if wrongful, and separate from the contract, and could not be recouped against the note. Code, §§2910–2912.

Judgment affirmed.