RAGAN *v.* STANDARD SCALE COMPANY.

1. A city court has no jurisdiction to grant affirmative equitable relief; nor can such jurisdiction be conferred upon it by consent of parties.

2. Where in a claim case pending in a city court the claimant made an amendment to its claim, seeking affirmative equitable relief, and the judge of the city court molded his judgment accordingly, this court, upon ascertaining the fact, will reverse the judgment so rendered.

Argued April 21, — Decided May 12, 1905.

Levy and claim. Before Judge Hamilton. City court of Floyd county. September 20, 1904.

A mortgage fi. fa. in favor of R. J. Ragan against Lester Corley was levied on certain personal property, and a claim was interposed thereto by the Standard Scale Company. The claim was returned to the city court of Floyd county. The claimant filed an equitable amendment to his claim, alleging, in brief, as follows: On May 26, 1902, Corley executed and delivered to the Exchange Bank of Rome three notes for the principal sum of $80 each, and to secure them executed a mortgage to the bank, covering the property levied on. It was duly recorded. Afterward Corley executed and delivered to Ragan a mortgage covering the same property, along with other property. This was dated October 7, 1902, and was duly recorded. The note and mortgage given to the bank were in part for the purpose of raising $165, with which to pay the Battie Machinery Company for the property in dispute, for which balance of purchase-money the machinery company held notes reserving title. During the month of November, 1902, the scale company bought the property claimed from Corley, for $200. Out of the purchase-price it paid the bank $160, being balance due it on the note and mortgage held by it. Upon receipt of this sum the bank cancelled its mortgage and surrendered it to Corley. He is insolvent, has left the State, and his whereabouts are unknown to the claimant. The prayer was as follows: "Wherefore, the premises considered, said Standard Scale Company prays that it be subrogated to the rights of said bank, as against said property; that said R. J. Ragan be required to pay the said Standard Scale Company the sum of $160, with eight per cent. per annum interest thereon from November 6, 1902; that upon failure to pay said amount, with interest, that said property be found not subject to the lien of the said mortgage held by said Ragan; that said Standard Scale Company have such other and further relief as to the court may seem just and equitable." The case was submitted to the judge of the city court without a jury, upon an agreed statement of facts. He rendered the following judgment: "This case having been submitted to the court upon an agreed statement of facts, after hearing argument of counsel, it is considered, ordered, and adjudged by the court that the property levied upon and claimed in said cause be and the same is hereby found not subject to the lien of plaintiff's fi. fa., unless plaintiff in fi. fa. pay over to claimant, within thirty days from the date hereof, the sum of one

hundred and sixty dollars, with eight per cent. interest thereon from November 6, 1902. Should plaintiff pay said sum within said time, then said property shall become subject to the lien of plaintiff's fi. fa." To this judgment the plaintiff in fi. fa. excepted.

*Charles E. Davis* and *McHenry & Maddox*, for plaintiff
*Dean & Dean*, contra.

LUMPKIN, J. (After stating the facts.) The claimant in this case made an amendment to its claim, in which it sought affirmative equitable relief. The judge of the city court by his judgment sought to grant it. A city court in this State is without jurisdiction to grant such relief. *English* v. *Thorn*, 96 *Ga.* 557; *Fowler* v. *Preferred Accident Insurance Co.*, 100 *Ga.* 330, 334; *Moore* v. *Medlock*, 101 *Ga.* 100; *Hecht* v. *Snook & Austin Furniture Co.*, 114 *Ga.* 921. In the present case the parties appear to have proceeded before the judge of the city court by agreement. "Consent of parties, however, can not give a court jurisdiction of a subject-matter when it has none by law; and when this court discovers from the record that the judgment has been rendered by a court having no jurisdiction of the subject-matter, and the case is brought here for review upon writ of error, this court will of its own motion reverse the judgment. If the judge has refused to entertain the motion, and that ruling has been excepted to and brought here for review, this court will, on motion or ex mero motu, dismiss the writ of error." *Smith* v. *Ferrario*, 105 *Ga.* 51, 53, 54. The subrogation sought to be asserted was not of a purely legal character, such as may arise in favor of a surety who pays off in whole or in part a judgment or execution against his principal and has the fact of such payment duly entered. Civil Code, § 2986. The claimant desired to revive a cancelled mortgage, to assert equitable rights and obtain equitable relief; and the judge of the city court endeavored to mold his judgment accordingly. The amendment should have been stricken; and the judgment is reversed, with direction that this be done.

*Judgment reversed with direction. All the Justices concur, except Candler, J., absent.*