## CORNETT *v.* AULT.

1. Where in a sale of land two promissory notes are given for the purchase-money, and bond for title is received, and afterwards suit is brought on one of the notes in a justice's court, to which the defendant pleads, admitting the execution of the note, but denying indebtedness, for reasons stated; and in addition seeks to set off a stated sum as damages, which the court for want of jurisdiction over the subject-matter can not entertain, and the justice of the peace renders judgment expressly for the full amount of the set-off, but silent as to the note, such judgment granting affirmative relief to the defendant upon his set-off, being void for the want of jurisdiction, will not be sufficient to imply a finding against the plaintiff's right to recover on the note, or support

a resulting finding for court costs, and the judgment as a whole will be void and a mere nullity.

2. The fact that the justice's court judgment was void answers both questions raised by the defendant's general demurrer to the plaintiff's subsequent suit filed in the superior court, the grounds of demurrer being that the petition showed on its face that the matters involved were res judicata, and that the plaintiff had a complete remedy at law.

3. In a subsequent suit filed in the superior court on the two purchase-money notes, it was competent for the defendant again in that court to plead the matters which he had originally pleaded in the justice's court; but it appearing from the evidence that the defect in the plaintiff's title, of which he complained, had, before the institution of the suit in the superior court, been cured, there was no evidence to support the defense, and the defendant having admitted the execution of the notes, the court did not err in directing the verdict or in rendering the decree.

Argued January 19,—Decided February 19, 1906.

Equitable petition. Before Judge Fite. Catoosa superior court. February 9, 1905.

The plaintiff filed her petition against the defendant, for the recovery of $100 due upon two promissory notes for $50 each, alleging as follows: She sold certain land to the defendant, taking from him the two notes sued upon, and giving to him a bond for title. After the first note fell due, she sued on the same in a justice's court. The defendant filed a plea in that court (a copy of which she attaches), wherein he admitted the execution of the note, but denied his indebtedness thereon, because at the time of the sale of the land the plaintiff represented to him that she had a good and perfect title to the land, and upon that representation he executed the note, and, relying upon the representations of the plaintiff, and without knowledge that they were false, he had made improvements on the land so purchased and incurred expenses to the amount of $100; that as a matter of fact the plaintiff did not have good and perfect title to said land, and could not comply with her contract as expressed in the bond for title; and that the plaintiff was insolvent and unable to respond to the defendant in damages, if he should pay off the note; the plea containing a prayer that the defendant have judgment against the plaintiff for the full amount of his expenses and his improvements put upon the land by reason of the fraudulent sale so made by the plaintiff to the defendant. The justice of the peace entertained this plea and gave judgment against the plaintiff for $100 principal, $12 inter-

est, and costs of suit. She sued out a writ of certiorari to the superior court, which was sanctioned by the judge and filed, but, owing to a failure to serve the same, it became functus officio, and the judgment in question was never reviewed. The plaintiff further alleged, that the justice's court had no jurisdiction over the subject-matter set forth in the plea filed by the defendant, and for that reason the judgment was void; and that the defendant was still in possession of the land and seeking to enforce the collection of the judgment obtained against her. She prayed, that the judgment obtained against her in the justice's court be set aside; that the defendant be enjoined from enforcing the same; and that she have judgment against the defendant for the full amount of both notes, and for process. Before pleading to the merits, the defendant filed a demurrer on the grounds, that the petition showed upon its face that the plaintiff had had her day in court, and by reason of the justice's court judgment all questions presented by her petition were res judicata; that the plaintiff had a complete remedy at law by illegality; and that the judgment can not be attacked collaterally. The judge overruled that demurrer; and the defendant filed his answer, wherein he pleaded the judgment of the justice's court as an adjudication upon all the questions presented by the petition, and again pleaded substantially the same defense and matters which were set forth in his plea before the justice of the peace, and sought in the superior court the same affirmative relief as for damages which were claimed by him in the justice's court. Upon the trial of the issues thus presented, the evidence was uncontradicted and was substantially in accordance with the several things pleaded by the respective parties, except that there was no evidence tending to show that the defendant was in possession of the premises. Such possession was alleged by the plaintiff and denied by the defendant, and there was no evidence on the point. There was further evidence, to the effect that when the land was first sold, the plaintiff admittedly did not have perfect title, and that she did not have perfect title at the time of the trial in the justice's court, but that after the trial in the justice's court and before the institution of the suit in the superior court she did perfect her title. There was no pretense that the defendant had ever surrendered the bond for title; but there was evidence on his part that, upon the failure of the plaintiff to cure the defect in the title, he

moved away from the premises. The court directed a verdict for the plaintiff for the full amount of both notes, and upon the verdict entered a decree declaring the justice's court judgment illegal and void, and setting the same aside, and awarding to the plaintiff the full amount of principal and interest specified in the verdict. The defendant by direct bill of exceptions assigns error upon the action of the court, in overruling the demurrer, in directing the verdict, and in granting the decree.

*W. E. Mann,* for plaintiff in error.

*J. A. Longley* and *R. J. & J. McCamy,* contra.

ATKINSON, J. (After making the foregoing statement.)

1. The justice of the peace was clearly without jurisdiction to render a judgment for the defendant for any sum on his set-off. This is true for two reasons. In the first place, the defendant so pleaded his cause as to show that he contends for the alleged damages, not upon the breach of the contract of warranty, but on account of deceit. By electing to go upon the theory of deceit, his cause is one sounding in tort, and his remedy is by action on the case. In this connection see *Peel* v. *Bryson,* 72 *Ga.* 335, and cit. The damages, not being for injury to personal property, do not fall within the comprehension of the Civil Code, §4068, which defines the subject-matters with which justices' courts may deal. In the second place, being an action sounding in tort, it could not be pleaded as a set-off to an action on the contract (note), except upon equitable reasons, as for insolvency of the plaintiff, or other similar grounds. Civil Code, §4944; *Hecht* v. *Snook & Austin Co.,* 114 *Ga.* 923, and cit. And no court, except a court of equity, could entertain such a plea for the purpose of granting such affirmative relief. *Ragan* v. *Standard Oil Co.,* 123 *Ga.* 14, and cit. The plea in question was of that character. So when the justice of the peace rendered the judgment for the full amount of the defendant's set-off, he was without jurisdiction to do so, and his judgment to that effect was absolutely void and without any force whatever. That express finding, being without effect, could not support by implication any conclusion not expressed, nor a resultant finding for court costs. There was no other express finding, and it follows that the judgment as a whole was void. Being so, it should be treated as a nullity everywhere and in any court. Civil Code, §5369.

2. The ruling expressed by the second headnote requires no further elaboration in the opinion.

3. Upon the submission of the case in the superior court, this void judgment could avail the defendant nothing, but it was his right to again plead to both notes the defense as originally made in the justice's court. However, upon examination of the uncontradicted evidence upon the trial, it appears that the defect in the plaintiff's title to the bargained land, of which the defendant complained, and on account of which he sought to avoid the notes, had been cured before the institution of the suit. This leaves the defense unsupported by evidence. It follows, that, the execution of both notes being admitted, and there being no valid defense to either, and the justice's court judgment appearing, by the facts presented by the defendant, to be void, the court did not err either in directing the verdict or granting the decree.

*Judgment affirmed. All the Justices concur.*