15186.   SAMMONS *v.* READ INCORPORATED.

BROYLES, C. J.   1.   A plea of recoupment is confined to the contract sued upon by the plaintiff, including any cross-obligation or independent covenant arising out of that contract. A plea of set-off is not so confined, but is a defense which goes not to the justice of the plaintiff's demand, but which sets up a demand against the plaintiff, and which includes all mutual debts and liabilities. Civil Code (1910), § 4351; *Arnold* v. *Carter,* 125 *Ga.* 319 (54 S. E. 177); *Jester* v. *Bainbridge State Bank,* 4 *Ga. App.* 469, 472 (61 S. E. 926); *McNatt* v. *Citizens & Southern Bank,* 20 *Ga. App.* 755 (3) (93 S. E. 271).

(*a*) Under this ruling and the pleadings in this case, the proffered amendment to the answer was a plea of set-off, and not of recoupment.

2. A city court has no jurisdiction to entertain a plea of set-off which attempts to set off damages arising ex delicto against an action on a contract. Such a plea can be entertained only in a court of equity. *Hitch* v. *Snook & Austin Co.,* 114 *Ga.* 921 (41 S. E. 74). Under this ruling the trial judge did not err in disallowing the proffered amendment to the defendant's plea.

3. Under the facts of the case and the notes of the trial judge there is no merit in the first four grounds (numbered 4, 5, 6, and 7) of the amendment to the motion for a new trial; and the remaining ground (numbered 8) is expressly abandoned in the brief of counsel for the plaintiff in error.

4. The verdict was authorized by the evidence, and the overruling of the motion for a new trial was not error.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED MARCH 6, 1924.

Complaint; from city court of Oglethorpe—Judge Greer. October 11, 1923.

Application for certiorari was denied by the Supreme Court.

*Gilbert C. Robinson,* for plaintiff in error.

*Jule Felton, Jule W. Felton,* contra.