15098.   JONES *et al. v.* COWETA FERTILIZER COMPANY.

STEPHENS, J. 1. In a suit upon a promissory note, which is an action ex contractu, the defendant cannot in an action at law in a city court recover by way of set-off against the plaintiff, upon the ground that the plaintiff is insolvent or a nonresident, damages sustained by the defendant by reason of an alleged tortious act of the plaintiff in having maliciously instituted proceedings in bankruptcy against him. *Hecht v. Snook &c. Co.,* 114 *Ga.* 921 (41 S. E. 74).

2. The amendment to the defendant's plea, setting up such defense, was properly stricken.

      *Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

      DECIDED OCTOBER 1, 1924.

Complaint; from city court of Carrollton—Judge Hood. September 13, 1923.

The Coweta Fertilizer Company sued R. E. L. Jones as principal, and W. T. Jones and T. J. Jones as indorsers, on a promissory note for $2,559.12. On motion W. T. Jones was stricken from the case. At the appearance term an answer was filed. At the trial term the defendants moved to amend the plea, and the court refused to allow the amendment. The case then went to trial and the court directed a verdict in favor of the plaintiff; and the defendants excepted, assigning error on each of the rulings stated.

The substance of the disallowed amendment to the plea was as follows: After the filing of the suit on the note the plaintiff and others instituted proceedings in bankruptcy against Jones Brothers, a firm of which the defendants were members, and against them

individually. The plaintiff in the present case was a nonresident and insolvent. The plaintiffs in the bankruptcy proceeding acted maliciously, and with intent to destroy the credit of the defendants, and of the partnership of which they were members, and did destroy the credit of the firm and injured it in the sum of $15,000. The defendant R. E. L. Jones was forced to employ counsel at an expense of $1,000, to file a petition in the Federal court, praying the court to allow him to operate his farm free from the bankruptcy proceeding during the year 1923, as he was unable to secure the money with which to do so without procuring such an order. The defendants prevailed in the bankruptcy proceedings, but were forced to employ counsel, and agreed to pay a fee of $5,000 to counsel to represent them. They prayed for damages against the plaintiff, and that the damages be set off against the claim of the plaintiff on the promissory note, and that judgment be given the defendants for any balance shown.

*S. Holderness, Boykin & Boykin,* for plaintiffs in error.
*Hall & Jones, Smith & Millican,* contra.