## 16127.  PORTER *v.* DAVEY TREE-EXPERT COMPANY INCORPORATED.

In this action in a city court, on a contract, brought by a "tree-expert company," to recover the value of labor and materials furnished in working on the defendant's trees, the court did not err in rejecting the amendment to the plea in recoupment, sounding in tort, praying for affirmative relief, or in excluding evidence in support of such plea; nor did the court err in overruling the defendant's motion for a new trial.

DECIDED SEPTEMBER 10, 1925.

Complaint; from city court of Floyd county—Judge Bale. November 21, 1924.

Application for certiorari was denied by the Supreme Court.

The tree-expert company sued for the cost of labor and materials actually furnished in accordance with an itemized statement, under a contract made by its acceptance of the defendant's written order, as follows: "Will you kindly send your experts to treat my trees? I understand that your charges are one dollar and eighty cents per hour for each man furnished (working time only) plus the cost of material and cartage. I understand that payment is to be made direct to your main office within ten days after receipt of invoice. I reserve the right to stop the work at my discretion." The defendant filed a special plea and answer, which he designates and relies upon as a "recoupment in tort," seeking to recover damages in excess of the amount of the plaintiff's claim, and alleging that the plaintiff, in treating the trees and placing cement inside, used iron rods and metal wires to brace and connect four trees, without insulation, ground wire, or other protection from lightning, so that, several weeks after the completion of the work, when lightning struck one of the trees, it ran through the metal and seriously damaged two other trees. There was no demurrer to this plea, but an amendment amplifying its allegations was disallowed by the court "on various grounds," as recited by the order; although the nature of the grounds does not appear from the order or the record. In support of the original plea the defendant offered to prove by electrical experts that certain described methods of grounding or insulating the wires and the use of lightning arresters would have rendered the other trees "reasonably safe" from the spreading of lightning which might strike one, but this evidence upon objection was excluded as immaterial; counsel for the

defendant stating at the time that he expected to prove that metallic wires above ground are dangerous and ready conductors of electricity, and "to be safe against lightning, or reasonably safe against it," would require grounding or erection by the method described, but that he did not expect to prove "that it was practiced generally in the tree-surgery business, or in the treatment of trees." No other evidence was introduced or tendered to show that the work of the plaintiff had been done in other than the usual, ordinary, and customary manner, as described in the testimony. The court directed a verdict for the plaintiff, and overruled the defendant's motion for a new trial, based on the general grounds and on the rejection of the electrical experts' evidence. Error is assigned also on exceptions pendente lite to the rejection of the amendment to the plea of recoupment.

*L. A. Dean, Lamar Camp, Denny & Wright,* for plaintiff in error.

*Maddox, Matthews & Owens,* contra.

JENKINS, P. J. (After stating the foregoing facts.) 1. "If a plea is bad in substance, the defect may be taken advantage of by objecting to evidence in support of the plea." *Rountree* v. *Craigmiles,* 12 *Ga. App.* 237, 239 (77 S. E. 15, 16) ; *Crew* v. *Hutcheson,* 115 *Ga.* 515, 524 (42 S. E. 16).

2. The obligation which the law imposes upon persons performing medical, other professional, and · specially skilled services, is that they shall exercise a reasonable degree of care, skill, and ability; which generally is taken and considered to be such a degree of care and skill as, under similar conditions and like surrounding circumstances, is ordinarily employed by their respective professions. On a plea of recoupment, setting up a failure to exercise proper care and skill by such a plaintiff, suing to recover upon contract the value of his services, the burden of sustaining such a plea is on the defendant. *Block* v. *Happ,* 144 *Ga.* 145, 146 (1 *a,* 2) (86 S. E. 316) ; *Fincher* v. *Davis,* 27 *Ga. App.* 494 (1, 2, 5) (108 S. E. 905) ; Chapel *v.* Clark, 117 Mich. 638 (76 N. W. 62, 72 Am. St. Rep. 587, 42 L. R. A. (N. S.) 125, 126). This rule applies to the implied duties of such a plaintiff, whether the defense is based on a tort for the negligent performance of contractual duties, or on an alleged breach of the contract itself.

3. Section 5521 of the Civil Code (1910) provides that "all

claims arising ex contractu between the same parties may be joined in the same action, and all claims arising ex delicto may in like manner be joined," and that "the defendant may also set up, as a defense, all claims against the plaintiff of a similar nature with the plaintiff's demand." Thus, it is the general rule that the defendant may set off or recoup a contractual obligation against a contractual obligation, or a liability arising out of a tort against an action sounding in tort, but he can not, as a general rule, set up as a defense a liability arising under a contract against an action sounding in tort, or a liability in tort against a suit maintained on a contract. The exception to this rule is where equitable principles are involved, such as insolvency or nonresidence of the plaintiff. In such cases, where the court has equitable jurisdiction, the general rule does not obtain, and it is permissible to set up a defense founded either in tort or on contract in response to a suit of either nature. But where the court has not equitable jurisdiction, and the suit is filed, for example, in a city court, such a court has jurisdiction of such a dissimilar and equitable plea only when it is purely defensive in its nature, and, if sustained, would result in a verdict finding generally in favor of the defendant. *House* v. *Oliver,* 123 *Ga.* 784 (1), 785 (51 S. E. 722) ; *Hanesley* v. *Nat. Park Bank,* 147 *Ga.* 96 (1), 99 (92 S. E. 879) ; *Edenfield* v. *Rountree,* 33 *Ga. App.* 444 (3) (126 S. E. 731, 734) ; *Drake* v. *Lewis,* 13 *Ga. App.* 276 (4), 280 (79 S. E. 167) ; *McArthur* v. *Wilson,* 13 *Ga. App.* 502 (79 S. E. 374) ; *Janes* v. *Cedartown,* 14 *Ga. App.* 72 (80 S. E. 339) ; *Jones* v. *George S. Riley Jr. Co.,* 14 *Ga. App.* 84 (2) (80 S. E. 341). It is thus the rule, where a suit brought in a city court sounds in contract, that despite the fact that equitable principles may be involved, the defendant can not plead by way of *set-off* a tort in the nature of a cross-action, since the claim of set-off is not defensive in its nature. *Hecht* v. *Snook & Austin Furniture Co.,* 114 *Ga.* 921, 924-928 (41 S. E. 74) ; *Arnold* v. *Carter,* 125 *Ga.* 319, 325 (54 S. E. 177) ; *Fuller* v. *Coker,* 24 *Ga. App.* 418 (1, 2 b) (101 S. E. 1). Where, however, in such a court a suit is maintained upon contract, and the defendant, invoking equitable principles, seeks to defend, not by a plea of set-off for obligations beyond the contract, but by a plea of recoupment alleging that the plaintiff is not entitled to recover because he has not complied with the implied cross-obliga-

tions arising under the same contract (Civil Code of 1910, §§ 4350, 4351), such a defense may or may not be purely defensive in its nature. Originally a plea of recoupment was purely defensive (Civil Code, § 4350; Bouvier's Law Dict. (3d ed.), 2848), but since the statute now embodied in section 4353 of the code provides that "if the damages of the defendant shall exceed, in amount, those of the plaintiff, the defendant shall in such cases recover of the plaintiff the amount of such excess," such a plea need no longer be purely defensive in its nature, but permits a prayer for affirmative relief. Thus, in a suit maintained in a city court on a contract, where the defendant, incidentally invoking equitable principles, seeks to recoup damages on account of a tort, it is permissible for him to do so, so long as he does not claim the benefit of any peculiar and extraordinary power of a court of equity, but confines his plea to matters purely defensive in their nature, and seeks only to set up a defense which, if sustained, would result simply in a verdict finding generally in his favor, or in reducing the amount of plaintiff's recovery. In the instant case, while the plaintiff is a nonresident, treating the amendment and original plea (as they are treated by the defendant) as a recoupment in tort, they were not purely defensive in nature, but prayed for affirmative relief by seeking the recovery of damages greatly in excess of the amount sued for in the petition. The amendment, being not purely defensive, was therefore properly disallowed, and the court did not err in rejecting evidence offered in its support or offered in support of the original plea of similar nature.

4. No contention is made that the plea might be treated as purely defensive to the extent of the amount sued for by the plaintiff. Under the rulings above cited, and the language used in *Burnett* v. *Davis*, 124 *Ga.* 541, 544 (52 S. E. 927), wherein it was held that "a city court has jurisdiction to entertain an equitable plea which is purely defensive in its nature, and which if sustained would result simply in a verdict finding generally in favor of the defendant, or reducing the amount of plaintiff's recovery, when such reduction is not brought about by the exercise of any of the extraordinary powers of a court of equity, such as cancellation, reformation, equitable set-off, and the like," it does not seem that any such construction would be sound. But however this might be, and even were it possible to treat the plea,

praying though it does for affirmative relief, as being purely de-
fensive to the extent of the amount sued for by the plaintiff,
it is our opinion that, even under such a construction, the defend-
ant failed to sustain his case on that theory.   While it is the
recognized rule that, under a contractual relationship, the injured
party may, where the rules of pleading permit, waive his rights
under the contract, and recoup in tort, except where the breach
complained of is simply the neglect of a duty expressly provided
for by the contract itself (*Fain* v. *Wilkerson, 22 Ga. App.* 193
(2), 194, 95 S. E. 752, 12 L. R. A. (N. S.) 925, 926, 929), still,
in order for him to do so, there must have been a breach of such
an implied duty arising under the contract, and no such defense
will lie where the plaintiff, under the contract, has performed the
work with reasonable care, skill, and ability, and if special skill
and ability are required, such as under similar conditions and
like surrounding circumstances are ordinarily employed in that pro-
fession or specially skilled business. *Block* v. *Happ,* supra; *Finch-
er* v. *Davis,* supra; *Chapel* v. *Clark,* supra.   "When the action
[or plea] is on the contract, the damages must necessarily be con-
fined to such as were in legal contemplation within the minds of
the contracting parties; whereas, in a suit [or plea] in tort the
injured party is limited only by the rule which requires that the
damages must have followed directly and as the natural consequence
of the act complained of." *Lipscomb* v. *Watkins, 28 Ga. App.* 185
(1), 186 (110 S. E. 502) ; *Hines* v. *Evans, 25 Ga. App.* 829, 833
(2) (105 S. E. 59).   This distinction, however, relates not to the
essential nature of a valid cause, but merely to the measure of
*damages*.   Thus, when the suit is on contract, and the defendant,
waiving the breach of contract, sets up a plea of recoupment in
tort, he must still show that the plaintiff has negligently performed
some obligation imposed by the contract, which in its direct and
natural consequences resulted in his injury.   In the instant case
the evidence does not sustain the plea, whether it be treated as
sounding in contract or, as is contended by the plaintiff in error,
as a plea of recoupment in tort; for, under the rule stated, the
evidence fails to show any breach by the plaintiff of the express
terms of the contract, or any breach of an implied obligation grow-
ing out of the same, which might, under proper rules of pleading,
be recouped by way of tort, on the theory that the plaintiff had

failed in its implied obligation under the contract to perform the agreed service with reasonable care and skill, such as under similar conditions and like surrounding circumstances is ordinarily employed in that profession or specially skilled business. While the defendant offered to show by electrical experts that a certain method of grounding the wires or the use of other safeguards would have tended to protect the trees or make them "reasonably safe" from the spread of lightning, no attempt was made to carry the burden of showing that such precautions were generally practiced in the tree-surgery business, or the skilled treatment of trees, so as to import such an implied contractual duty.

5. The grounds of the motion for a new trial relating to the proper amount of recovery, and the general grounds, not being argued or insisted upon, will be treated as abandoned.

*Judgment affirmed. Stephens and Bell, JJ., concur.*