20422, 20423. BIBB BASKET CO. *v.* EUFAULA BANK & TRUST CO.; and *vice versa.*

DECIDED DECEMBER 19, 1930.

*Turpin & Lane, Jones, Jones, Johnston & Russell,* for plaintiff in error.

*Hall, Grice & Bloch; Brock, Sparks & Russell, Ellsworth Hall Jr.,* contra.

BLOODWORTH, J. The Eufaula Bank & Trust Company of Eufaula, Alabama, as transferee and assignee of Ross Basket Company, a corporation of Alabama, sued Bibb Basket Company, a corporation of Georgia, for the principal sum of $1660, alleged to be due on an open account for baskets shipped by the Ross Basket Company upon an order of the Bibb Basket Company, which account had been assigned to the Eufaula Bank & Trust Company.

The suit therefore sounded in contract. The defendant filed a plea in which it denied liability, and by amendment "further answering and as a plea of recoupment to said claim" alleged that the Ross Basket Company, the transferor of the account sued on, "by certain unlawful and illegal acts" had injured and damaged defendant $25000, which amount the defendant alleges it is entitled to recover from said Ross Basket Company, but not in this action, "but defendant only seeks to recoup in this action against the plaintiff the amount of the account sued on with interest," the principal of which account is $1660. After this amendment to the plea was allowed, counsel for the plaintiff filed a motion to strike the amended plea and answer "for the reason that the plaintiff's demand is one arising ex contractu and the defendant's plea and answer constitutes a plea of set-off seeking unliquidated damages arising ex delicto, and the city court of Macon, being a court of law only, without equitable powers and with limited jurisdiction, has no jurisdiction to entertain or allow the said alleged set-off claimed by the defendant." This motion was sustained and the answer stricken. The plaintiff then made out its case and a verdict was directed in its favor.

The trial judge properly held that the city court of Macon had no jurisdiction to allow a plea seeking damages arising ex delicto as a set-off against an action ex contractu. Sections 4350 and 4351 of the Civil Code are as follows: 4350. "Recoupment is the right of the defendant to have a deduction from the amount of the plaintiff's damages, for the reason that the plaintiff has not complied with the cross-obligations or independent covenants arising under the same contract." 4351. "It differs from a set-off in this: The former is confined to the contract on which plaintiff sues, while the latter includes all mutual debts and liabilities." A reading of the answer will show that the relief sought by the defendant is not confined to the contract on which the plaintiff sued, but seeks to include a separate and distinct mutual liability. It is, under the above definitions, clearly a plea of set-off. Headnotes 1, 1-a, and 2 of the case of *Sammons* v. *Read Inc., 31 Ga. App.* 763 (121 S. E. 855), are as follows: "1. A plea of recoupment is confined to the contract sued upon by the plaintiff, including any cross-obligation or independent covenant arising out of that contract. A plea of set-off is not so confined, but is a defense which

goes not to the justice of the plaintiff's demand, but which sets up a demand against the plaintiff, and which includes all mutual debts and liabilities. Civil Code (1910), § 4351; *Arnold* v. *Carter*, 125 *Ga.* 319 (54 S. E. 177); *Jester* v. *Bainbridge State Bank*, 4 *Ga. App.* 469, 472 (61 S. E. 926); *McNatt* v. *Citizens & Southern Bank*, 20 *Ga. App.* 755 (3) (93 S. E. 271). (*a*) Under this ruling and the pleadings in this case, the proffered amendment to the answer was a plea of set-off, and not of recoupment. 2. A city court has no jurisdiction to entertain a plea of set-off which attempts to set-off damages arising ex delicto against an action on a contract. Such a plea can be entertained only in a court of equity. *Hecht* v. *Snook & Austin Co.*, 114 *Ga.* 921 (41 S. E. 74)." Citing several cases to support the proposition, Judge Jenkins, in the case of *Porter* v. *Davey Tree-Expert Co.*, 34 *Ga. App.* 355, 357 (129 S. E. 557), said: "It is thus the rule, where a suit brought in a city court sounds in contract, that despite the fact that equitable principles may be involved, the defendant can not plead by way of set-off a tort in the nature of a cross-action, since the claim of set-off is not defensive in its nature. *Hecht* v. *Snook & Austin Furniture Co.*, 114 *Ga.* 921, 924-928 (41 S. E. 74); *Arnold* v. *Carter*, 125 *Ga.* 319, 325 (54 S. E. 177); *Fuller* v. *Coker*, 24 *Ga. App.* 418(1, 2*b*) (101 S. E. 1)." In *Hecht* v. *Snook & Austin Furniture Co.*, supra, Mr. Justice Cobb said: "The city court of Atlanta is not a court of equity. . . It has jurisdiction in matters of set-off only in cases where the statute of this State expressly authorizes such courts to take jurisdiction in matters of that kind. It has no jurisdiction whatever to entertain a plea setting up an equitable set-off or an equitable right of set-off, for the simple reason that to entertain such a plea it is necessary for the court not only to recognize an equitable right but to give affirmative relief as a result of such recognition. The right of one sued at law in an action ex contractu to set off damages arising out of a tort committed by the plaintiff, on the ground that the latter is insolvent or is a non-resident, is a right in this State recognized by a court of equity, and such a court alone can give affirmative relief of such character." See *Jones* v. *Coweta Fertilizer Co.*, 32 *Ga. App.* 730 (124 S. E. 545). In *Hilton* v. *Rogers*, 152 *Ga.* 658 (111 S. E. 33), it was said: "'Damages arising ex delicto can not be set off against a cause of action arising ex contractu, but a defendant sued

at law upon a cause of action arising ex contractu may, in equity, set off damages arising ex delicto, when the plaintiff is insolvent or a non-resident. And if the plaintiff's suit is pending in a city court, the defendant, in order to avail himself of such right of equitable set-off, may apply to the superior court as a court of equity, to enjoin the common-law proceeding in the city court and take jurisdiction of the entire controversy between the parties and make a decree doing complete justice between them.' *Arnold* v. *Carter*, 125 *Ga.* 319, 325 (54 S. E. 177); *Hecht* v. *Snook &c. Co.*, 114 *Ga.* 921 (41 S. E. 74); *Ray* v. *Anderson*, 119 *Ga.* 926 (47 S. E. 205)."

*Judgment on main bill of exceptions affirmed; cross-bill dismissed. Broyles, C. J., and Luke, J., concur.*