ÆTNA INSURANCE COMPANY *v.* LUNSFORD *et al.*

No. 10134.   NOVEMBER 16, 1934.

J. A. *McFarland* and *Spalding, MacDougald & Sibley,* for plaintiff.

R. *Carter Pittman* and *Mitchell & Mitchell,* for defendants.

BELL, J.   Ætna Insurance Company brought a suit against Elisha J. Lunsford as principal, and others as sureties, in the superior court of Whitfield County.   The liability sued on arose out of a contract between the company and Lunsford, whereby the latter, hereinafter called the defendant, became the local agent for the company at Dalton, Georgia.   The defendant admitted that he was liable to the plaintiff as stated in the petition, but pleaded as a ground of set-off and cross-action that the company through named authorized agents from its general office in Atlanta had perpetrated a fraud upon him by misrepresenting the volume of business done in the territory of Dalton agency by a previous local agent, whereby

the defendant and another as partners were induced to buy the property and good will connected with the agency from such preceding local agent, to the injury and damage of the defendant in a stated sum exceeding the amount sued for by the plaintiff, for the excess of which the defendant sought a recovery against the plaintiff. This alleged *tort* arose in Whitfield County, this State, and the right to sue thereon, by way of cross-action to the plaintiff's suit *ex contractu,* was claimed upon the ground that the plaintiff was a non-resident. There was no demurrer to the cross-petition, and no objection to evidence. Nor was there a motion for replication.

It appeared without dispute that the plaintiff was a non-resident corporation as alleged, but that it was an insurance company doing business in the State of Georgia, and that the defendant had knowl edge of this fact. The evidence also established, without dispute, that the plaintiff, in accordance with the statute, had filed with the insurance commissioner a power of attorney appointing a named resident of this State to acknowledge or receive service of process, or upon whom process might be served in its behalf in all proceedings instituted against the company in the courts of this State. See Civil Code (1910), § 2446. The jury found a verdict in favor of the defendant for about $2000. The plaintiff filed a motion for a new trial, which the court overruled, and the plaintiff excepted. One of several contentions made by the plaintiff is that under the evidence the claim of set-off was not permissible, and that the verdict in the defendant's favor was for this reason unauthorized. Agreeing with this contention, we have limited the statement of facts to what is relevant thereto, and will not decide other questions. This would seem to be the proper course, and especially so in view of the fact that the contention referred to is one relating to jurisdiction.

The right of set-off is an equitable right, and the power of the common-law courts to entertain jurisdiction of it is dependent on statute and is limited thereby. Under the statute law of this State, a court of law has jurisdiction to entertain a claim of set-off only where it is similar to the plaintiff's demand; but if there is an intervening equity not reached by the law, or if the set-off is of an equitable nature, the courts of equity will assume jurisdiction. *Hecht* v. *Snook & Austin Furniture Co.,* 114 *Ga.* 921 (41 S. E. 74).

Accordingly, damages arising ex delicto can not be set off against a cause of action ex contractu, except upon equitable grounds. *Cornett* v. *Ault,* 124 *Ga.* 944 (53 S. E. 460); *Arnold* v. *Carter,* 125 *Ga.* 319 (54 S. E. 177). This court has held that such a set-off may be had in a court of equity where the plaintiff is insolvent or is a non-resident. *Bibb Land-Lumber Co.* v. *Lima Machine Works,* 104 *Ga.* 116 (30 S. E. 676, 31 S. E. 401); *Hilton* v. *Rogers,* 152 *Ga.* 658 (111 S. E. 33). Such decisions, however, are based upon general equitable principles, and not upon statute. Civil Code (1910), § 4593. In the present case we are concerned only with the question of non-residence. In such a case the defendant is allowed to set off a dissimilar cause of action upon the theory that the hardship and inconvenience of being compelled to resort to a foreign court to enforce his demand against the plaintiff constitutes an equity in his favor such as will authorize a court of equity to entertain his claim as a cross-action in the plaintiff's suit. 24 R. C. L. 806, § 14. The non-residence of the plaintiff is usually attended with this equitable incident; but to say that the right of set-off exists merely because of the plaintiff's non-residence, stripped of all other considerations, would be to overlook the necessary equitable condition upon which the right may be asserted, whereas such condition, though usually concurring with the plaintiff's non-residence, may not exist therewith in all cases. Where an insurance company is doing business in this State and has complied with the law requiring the appointment of a resident agent upon whom service against the company may be perfected, a defendant in a suit by such company can not suffer the hardship which might otherwise be laid upon him if he were compelled to resort to a foreign jurisdiction for the purpose of enforcing a cross-demand which he may have against the company, where his cause of action arose in any county of this State. Civil Code (1910), §§ 2446, 2563. Under the facts of the present case the defendant could have brought an independent suit against the insurance company with the same convenience and facility as if the company were a resident of the State of Georgia, and the equity that might otherwise have existed in his favor can not be claimed against the present plaintiff upon the ground of non-residence. See, in this connection, *Ingram* v. *Jordan,* 55 *Ga.* 356; *Livingston* v. *Marshall,* 82 *Ga.* 281 (4) (11 S. E. 542); Bates *v.* Reits, 157 Ky. 514 (163 S. W.

451). In 57 C. J. 366, § 10, it is stated that non-residence and fraud together are sufficient to warrant the allowance of an equitable set-off. Only the case of Caldwell v. Stevens, 64 Okla. 287 (167 Pac. 610, L. R. A. 1918B, 421), is cited in support of this statement. In that case the plaintiff was not, as here, an insurance company suable. as a resident. Thus, the decision in that case merely holds that the plaintiff's non-residence, plus fraud, will authorize an equitable set-off, while, as we have seen above, there are decisions by this court that recognize that the plaintiff's non-residence alone will ordinarily warrant the exercise of equitable jurisdiction.

In the present case the fact that the defendant's alleged cause of action was based upon fraud did not entitle him to plead it as a set-off or as a ground of cross-action in the plaintiff's suit on contract. The rule that a cause of action in tort can not be set off in a suit on contract is not varied because the tort complained of consisted of fraud. *Giles* v. *Bank,* 102 *Ga.* 702 (2) (29 S. E. 600); *McLendon* v. *Finch,* 2 *Ga. App.* 421 (2) (58 S. E. 690). In the Civil Code (1910), § 4621, it is stated that in all cases of fraud, except fraud in the execution of a will, equity has concurrent jurisdiction with the courts of law. But this general principle does not authorize a suit in equity merely to recover damages for fraud, since the aggrieved party in such a case has an adequate and complete remedy at law. That was considered in *Huff* v. *Ripley,* 58 *Ga.* 11, where it was construed to mean that "equity has concurrent jurisdiction with the courts of law, where, from any peculiar circumstances, the operation of the general rules of law would be deficient in protecting the rights of the party complaining for an injury done him." See also Civil Code (1910), § 4519. Under the facts appearing in the present case, the defendant would have had an all-sufficient remedy by an action for damages against the plaintiff in a court of law of this State, in that he could have brought and maintained such a suit without suffering any hardship or inconvenience because of the plaintiff's non-residence. None of the cases cited and relied on by counsel for the defendant involved a state of facts such as we have before us; and while there is little direct authority supporting our conclusion, we think it is in accord with the applicable and controlling principles of equity.

The defendant contends that the question of the court's jurisdic-

tion to entertain the cross-action should have been raised by a plea or demurrer, and that the question can' not be raised by a motion for a new trial. The position thus taken is incorrect as applied to an affirmative claim made by the defendant against the plaintiff by way of set-off or cross-petition, where the defendant has not obtained an order of the court requiring the plaintiff. to meet the defendant's allegations by appropriate pleading. "Where the defendant makes no motion therefor, he can not, after the case has been submitted to the jury, take advantage of the plaintiff's failure to reply." *Beard* v. *White,* 120 *Ga.* 1018 (2) (48 S. E. 400). See also *Central of Georgia Railway Co.* v. *Tankersley,* 133 *Ga.* 153 (65 S. E. 367) ; *Allen* v. *Allen,* 154 *Ga.* 581 (5) (115 S. E. 17) ; *Pendley* v. *Bennett,* 42 *Ga. App.* 596 (157 S. E. 250), and cit. The defendant alleged the bare fact of the plaintiff's non-residence as a ground for equitable jurisdiction. Whether or not this was prima facie a sufficient basis for the assertion of the claim of set-off, the evidence went further and showed without dispute that the plaintiff, although a non-resident corporation, was an insurance company authorized to do business in this State, and that it had complied with the statute as to designating a resident agent upon whom service might be perfected. In these circumstances the evidence demanded a finding that the cross-action was not maintainable, and therefore the verdict in the defendant's favor was contrary to the evidence and to law. The result is the same if the cross-petition be examined to determine whether it involves a recoupment. In *Harden* v. *Lang,* 110 *Ga.* 392 (2), 398 (36 S. E. 100), it was said that while "there is an essential difference between set-off and recoupment, yet it must be conceded that each of these pleas is admitted as a defense under a like general rule." Recoupment differs from set-off in this: "The former is confined to the contract on which the plaintiff sues, while the latter includes all mutual debts and liabilities." Civil Code, § 4351. Set-off is a defense which does not go to the justice of the plaintiff's demand, but which sets up a demand against the plaintiff. *Arnold* v. *Carter,* supra; *Sammons* v. *Reed,* 31 *Ga. App.* 763 (121 S. E. 855). It was held in *Harden* v. *Lang,* supra, that "A claim for damages arising from a breach of a contract can not be allowed under a plea of recoupment in defense to an action of trover, unless some special intervening equity arises in favor of the defendant, such as insolvency or non-residence of the plaintiff."

In some jurisdictions it seems to be the rule, under statute, that if a cause of action in favor of the defendant merely arises out of the transaction relied on by the plaintiff, or is connected with the subject of the action, it may be pleaded as a counter-claim without reference to its character, and regardless of the plaintiff's non-residence or insolvency. See 24 R. C. L. 826-7, 844-854, §§ 33, 34, 49-58. But in this State a recoupment is not allowed merely because it is related in some way to the transaction on which the plaintiff sues. "Recoupment is a right of the defendant to have a reduction from the amount of the plaintiff's damages, for the reason that the plaintiff has not complied with the cross-obligations or independent covenants arising under the same contract." Civil Code (1910), § 4350. "Recoupment may be pleaded in all actions ex contractu, where from any reason the plaintiff under the same contract is in good conscience liable to defendant. And in all cases where, under the laws of this State, recoupment may be pleaded, if the damages of the defendant shall exceed, in amount, those of the plaintiff, the defendant shall in such cases recover of the plaintiff the amount of such excess." § 4353. In the following cases it was held that in a suit on contract the defendant could not recoup damages for a tort which did not arise out of the contract sued on: *Browning* v. *Alfriend*, 61 *Ga.* 12 (2) ; *Gerding* v. *Adams*, 65 *Ga.* 79. The following apt statement was made by Judge Powell, speaking for the Court of Appeals, in *Blackshear Manufacturing Co.* v. *Stone*, 8 *Ga. App.* 661 (2) (70 S. E. 29) : "Causes of action ex delicto can not, except in some special instances, be set off against a suit proceeding ex contractu. While damages resulting from the plaintiff's breach of a contract sued on may be set off by plea of recoupment, still this right of set-off is not broad enough to include damages alleged to have arisen from the plaintiff's wrongful act in connection with a transaction legally distinct from the contract sued on, even though closely connected with it in point of time." See also *Battle* v. *Atkinson*, 9 *Ga. App.* 488 (71 S. E. 775) ; *Ralph T. Birdsey Co.* v. *Porter*, 18 *Ga. App.* 391 (2) (89 S. E. 435) ; *McNatt* v. *Citizens & Southern Bank*, 20 *Ga. App.* 755 (3) (93 S. E. 271) ; *Saggus* v. *Standard*, 25 *Ga. App.* 349 (103 S. E. 179).

In the present case it appears that two contracts were made by the defendant, one being the purchase of the rights of a previous agent, the company not being a party thereto ; and the other being

the contract by which the agency relation was created between the plaintiff and the defendant. The defendant was sued upon the second contract, and sought by way of counter-claim, to recover for a tort alleged to have been committed by the plaintiff, whereby the defendant was damaged in entering into the first contract. Under the law of Georgia this was not a case for a recoupment, whether the plaintiff was a resident or a non-resident. It is only fair, however, to say that able counsel for the defendant has not sought to have the cross-action construed as plea of recoupment, but has treated the claim as one of set-off. So, we return to the conclusion that the defendant's counter-claim sounding in tort could not be set off against the plaintiff's action on contract merely because the plaintiff was in law a non-resident, it appearing that its non-residence did not, in view of the other facts, constitute any equitable ground for such procedure. The court erred in refusing a new trial.

*Judgment reversed. All the Justices concur, except Russell, C. J., who dissents.*