24327. COLLINS *v.* GARRETT.

SUTTON, J. 1. In a suit in the city court of Atlanta by the payee of a promissory note, to collect the balance due thereon (certain real estate conveyed to the defendant by security deed of the makers of two notes put up by the defendant as collateral security for the note sued on having failed to bring enough at a sale under the power contained in the security deed to satisfy in full the amount of the principal note), the defendant can not set up, by way of set-off and counterclaim, that the sale of the real estate was void because of alleged fraud of the plaintiff in conducting such sale, by reason whereof the real estate brought only a nominal sum to be credited on the note sued on, whereas the real estate was worth considerably more than enough to have satisfied the collateral notes, that the makers of these collateral notes were insolvent, that these notes were rendered worthless by reason of such fraud of the plaintiff in conducting the sale, that the principal sum of these collateral notes was more than the principal sum of the note sued on, and that by reason of said fraud the plaintiff injured and damaged the defendant in the sum of $1250, the collateral notes being for $6250 and the note sued on being for the principal sum of $5000, for which sum the defendant prayed judgment.

2. The city court of Atlanta has jurisdiction of an equitable plea when it is purely defensive in its nature, and, if sustained, would result in a verdict finding generally in favor of the defendant. *House* v. *Oliver*, 123 *Ga.* 784 (51 S. E. 722) ; *Hanesley* v. *National Park Bank*, 147 *Ga.* 96 (92 S. E. 879) ; *Edenfield* v. *Rountree*, 33 *Ga. App.* 444 (126 S. E. 731) ; *Drake* v. *Lewis*, 13 *Ga. App.* 276 (79 S. E. 167).

3. Where a suit brought in the city court of Atlanta sounds in contract, such as a suit on a promissory note, the defendant can not plead a tort by way of set-off in the nature of a cross-action, since the claim of set-off is not defensive in its nature. *Hecht* v. *Snook & Austin Furniture Co.*, 114 *Ga.* 921 (41 S. E. 74) ; *Ragan* v. *Standard Scale Co.*, 123 *Ga.* 14 (50 S. E. 951) ; *Bibb Basket Co.* v. *Eufaula Bank &c. Co.*, 42 *Ga. App.* 394 (156 S. E. 310) ; *Porter* v. *Davey Tree-Expert Co.*, 34 *Ga. App.* 355, 357 (129 S. E. 557).

4. Damages arising ex delicto can not be set off against a cause of action arising ex contractu, but a defendant sued at law upon a cause of action arising ex contractu may, in equity, set off damages arising ex delicto, when the plaintiff is insolvent or a non-resident or other equitable reasons exist. And if the plaintiff's suit is pending in a city court, the defendant, in order to avail himself of such plea of equitable set-off, may apply to the superior court, as a court of equity, to enjoin the common-law proceeding in the city court and take jurisdiction of the entire controversy between the parties and make a decree doing complete justice between them. *Arnold* v. *Carter*, 125 *Ga.* 319, 325 (54 S. E. 177); *Butler* v. *Holmes*, 128 *Ga.* 333 (57 S. E. 715); *Crandall* v. *Shepard*, 166 *Ga.* 396, 402 (3) (143 S. E. 587); *Welch* v. *Williford*, 177 *Ga.* 837 (171 S. E. 768).

5. Applying the above principles, the judge of the city court of Atlanta did not err in dismissing the defendant's plea and counter-claim, and in thereafter directing a verdict for the plaintiff on the note sued on.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED NOVEMBER 24, 1934.

*Edith Campbell, John I. Kelley,* for plaintiff in error.
*Leon C. Greer, H. C. Holbrook,* contra.