### 29884. MIAMI INDUSTRIAL BANK v. DUNN.

SUTTON, J.  1. A city court has jurisdiction of an equitable plea when it is purely defensive in its nature, and, if sustained by proof, would result in a verdict finding generally in favor of the defendant. *Collins* v. *Garrett,* 50 *Ga. App.* 203 (2) (177 S. E. 275).

2. In a suit brought ex contractu in a city court by a non-resident plaintiff, a plea of recoupment in tort by the defendant praying for affirmative relief by seeking recovery of damages in excess of the amount sued for by the plaintiff can not be entertained, and should be stricken on demurrer or motion to strike. *Porter* v. *Davey Tree-Expert Co. Inc.,* 34 *Ga. App.* 355, 358 (129 S. E. 557).

3. "A cross-action based on a tort can not be so amended as to base it on a contract." *Tench* v. *Downey Hospital Inc.,* 36 *Ga. App.* 20 (135 S. E. 106). See also *House* v. *Blackwell,* 20 *Ga. App.* 438 (93 S. E. 16); *Barrett* v. *Mason,* 143 *Ga.* 464 (85 S. E. 340).

4. Where an action ex contractu is brought in a city court and the defendant pleads damages ex delicto which amount to more than the claim for which the suit is brought ex contractu, the plea can not be sustained by the defendant reducing his pleaded damages to the amount for which the plaintiff sues. *Bibb Basket Co.* v. *Eufaula Bank &c. Co.,* 42 *Ga. App.* 394 (156 S. E. 310).

5. Construing most strongly against the defendant the allegations of her plea in the nature of a cross-action to a suit filed by the non-resident plaintiff in a city court to recover an unpaid balance of $310 on a promissory note, executed and delivered to it by the defendant in the principal sum of $500, it must be held that by such plea the defendant sought, as against the plaintiff's demand, to recover ex delicto $794.50 as for a conversion of personal property mortgaged to the plaintiff to secure the payment of a loan of $500, admitted to be due as evidenced by the note sued on, it being alleged that the reasonable value of the converted property was $794.50, or $294.50 more than the amount of the original loan, and the defendant's prayer being for recovery of such difference with interest and costs. Applying the principles of law above set forth, the city court was without jurisdiction to entertain such plea, which was one not merely defensive in its nature, seeking only a verdict finding generally in favor of the defendant, but one seeking affirmative relief in an amount in excess of the plaintiff's demand, and the court erred in overruling the plaintiff's motion to strike the plea, on the ground that the court was without jurisdiction to entertain it, and instead allowing over objection of the plaintiff an amendment striking certain allegations of the plea as to an alleged conversion and substituting therefor allegations so as to make the cross-action one in which

the defendant sought to recoup ex contractu and to obtain a verdict finding only generally in her favor, and then, except as to denying the defendant's right to any affirmative relief, overruling the plaintiff's motion to strike, and all proceedings thereafter were nugatory.

*Judgment reversed. Stephens, P. J., and Felton, J., concur.*

DECIDED JANUARY 27, 1943.

*Dorsey, Stubbs & Dorsey,* for plaintiff.
*Herbert J. Haas, G. B. Tidwell,* for defendant.