39889. HEARD v. MELIN et al.

FRANKUM, Judge. 1. Generally a cause of action ex delicto cannot be set off against an action ex contractu, and vice versa. *Hecht v. Snook & Austin Furniture Co.,* 114 Ga. 921 (41 SE 74); *Ragan v. Standard Scale Co.,* 123 Ga. 14 (50 SE 951); *Bibb Basket Co. v. Eufaula Bank &c. Co.,* 42 Ga. App. 394 (156 SE 310); *Collins v. Garrett,* 50 Ga. App. 203 (177 SE 275). The only exception to this rule is where equitable principles such as insolvency or nonresidence of the plaintiff are involved. *Hecht v. Snook & Austin Furniture Co.,* supra; *Cornett v. Ault,* 124 Ga. 944 (53 SE 460); *Aetna Ins. Co. v. Lunsford,* 179 Ga. 716 (1) (177 SE 727); *Porter v. Davey*

*Tree-Expert Co.,* 34 Ga. App. 355, 357 (3) (129 SE 557); *Hartman v. Citizens Bank &c. Co.,* 47 Ga. App. 562, 565 (6) (171 SE 195). These same rules apply also to pleas of recoupment. *Fontaine v. Baxley, Boles & Co.,* 90 Ga. 416 (2) (17 SE 1015); *Harden v. Lang,* 110 Ga. 392 (2), 398 (36 SE 100); *Aetna Ins. Co. v. Lunsford,* supra (p. 720). Accordingly, where the defendant's plea of set off or recoupment filed to an action ex contractu attempts to recover against the plaintiff for a cause of action sounding in tort but fails to allege any equitable grounds therefor, it is subject to general demurrer.

2. Applying the above principles of law to the facts in the instant case, the trial court did not err in sustaining the plaintiffs' general demurrer to the defendant's "plea of recoupment" and in rendering judgment for the plaintiff. The plaintiffs' suit was one at law upon an account for feed sold and delivered to the defendant. The plea as originally filed admitted the indebtedness due the plaintiffs but alleged that under the contract the plaintiffs were to deliver the feed to the defendant's pasture, and that the plaintiffs' servants in delivering the feed negligently injured four of the defendant's cows at various times. It prayed for a judgment in favor of the defendant in the amount of the damages sustained as a result thereof, which amount was in excess of the indebtedness claimed to be due by the plaintiffs. As such the plea or cross-action was clearly an effort to recover against the plaintiffs on a cause of action ex delicto since it was based on the negligence of the plaintiffs' servants, and failed to allege the violation of any express or implied provisions of the contract for the sale and delivery of the feed, *Porter v. Davey Tree-Expert Co.,* 34 Ga. App. 355, supra, and sought damages which flowed as a natural consequence of the plaintiffs' servants' negligent acts complained of. *Lipscomb v. Watkins,* 28 Ga. App. 185, 186 (1) (110 SE 502). No equitable basis for the allowance of such a plea as against an action ex contractu was alleged.

3. Assuming that the amendment by the defendant of his cross-action was otherwise legally sufficient to convert it from one ex delicto to one ex contractu, it was nevertheless demurrable since a cross-action based on tort cannot be amended so as to base it on a contract. *Miami Industrial Bank v. Dunn,* 68 Ga. App. 795 (3) (24 SE2d 136).

*Judgment affirmed. Nichols, P. J., and Jordan, J., concur.*

DECIDED MAY 14, 1963.

*Cumming & Cumming, Joseph R. Cumming,* for plaintiff in error.

*Beck, Goddard, Owen & Smalley, Robert H. Smalley, Tom E. Lewis,* contra.