## 41687. GILLESPIE et al. v. GEORGIAN FINANCE & INVESTMENT CORPORATION.

FELTON, Chief Judge. "Generally a cause of action ex delicto cannot be set off against an action ex contractu, and vice versa. *Hecht v. Snook & Austin Furniture Co.*, 114 Ga. 921 (41 SE 74); *Ragan v. Standard Scale Co.*, 123 Ga. 14 (50 SE 951); *Bibb Basket Co. v. Eufaula Bank &c. Co.*, 42 Ga. App. 394 (156 SE 310); *Collins v. Garrett*, 50 Ga. App. 203 (177 SE 275). The only exception to this rule is where equitable principles such as insolvency or nonresidence of the plaintiff are involved. *Hecht v. Snook & Austin Furniture Co.*, supra; *Cornett v. Ault*, 124 Ga. 944 (53 SE 460); *Aetna Ins. Co. v. Lunsford*, 179 Ga. 716 (1) (177 SE 727); *Porter v. Davey Tree-Expert Co.*, 34 Ga. App. 355, 357 (3) (129 SE 557); *Hartman v. Citizens Bank &c. Co.*, 47 Ga. App. 562, 565 (6) (171 SE 195). These same rules apply also to pleas of recoupment. *Fontaine v. Baxley, Boles & Co.*, 90 Ga. 416 (2) (17 SE 1015); *Harden v. Lang*, 110 Ga. 392 (2), 398 (36 SE 100); *Aetna Ins. Co. v. Lunsford*, supra (p. 720)." *Heard v. Melin*, 107 Ga. App. 772 (1) (131 SE2d 131).

In this ex contractu action by a chattel mortgagee for a deficiency judgment following the unresisted foreclosure of the bill of sale to secure debt, the answer of the defendant mortgagors—which alleged inadequacy of price resulting from commencement of the judicial sale by the sheriff prior to the statutory time, induced by the mortgagee with intent to defraud, etc., and which prayed only for a general judgment against the plaintiff in the amount sued for by the plaintiff —alleged an ex delicto action. This was an attempt to defend against the ex contractu action by setting off against it the ex delicto action for fraud. Since there is alleged no equitable principle, such as insolvency or nonresidence of the plaintiff, this defense was not available as a remedy for the defendants. Accordingly, the court did not err in its judgments sustaining the renewed general demurrer to the answer as amended and entering a default judgment in favor of the plaintiff mortgagee.

*Judgments affirmed. Frankum and Pannell, JJ., concur.*

SUBMITTED JANUARY 3, 1966—DECIDED FEBRUARY 18, 1966.

*William B. Morgan,* for appellants.

*Zachary & Hunter, Thomas W. Elliott,* for appellee.