## CHAPEL v. CLARK.

ARCHITECTS—MISTAKE IN PLAN—LIABILITY.

An architect who possesses the skill and knowledge of the average member of his profession, and uses ordinary care and diligence in their exercise, cannot be held liable for damages resulting to his employer from a mistake of judgment in the draughting of plans.

Error to Kent; Adsit, J. Submitted April 8, 1898. Decided July 18, 1898.

*Assumpsit* by William A. Chapel against Melvin J. Clark for services as architect. From a judgment for plaintiff, defendant brings error. Affirmed.

Plaintiff, an architect, executed plans and specifications for the defendant for a large building erected in the city of Grand Rapids. The arrangement rested in parol. The testimony as to its terms was in direct conflict, plaintiff testifying that defendant expressly agreed to pay him well for his services, and defendant testifying that plaintiff solicited the job, saying that it would be a great help to him in starting out in his business, and offered to do all the architect's work without charge. Plaintiff was also employed by defendant to superintend the construction of the building, for which he was paid. Before the building was completed, a difficulty arose between them, and plaintiff was discharged. He thereupon instituted this suit to recover the value of his services in drawing the plans and specifications. The defendant, with the plea of the general issue, gave notice that plaintiff had not performed his work with due and necessary skill and care; that his plans and specifications were faulty, defective, and unskillful; and specified the details wherein they were faulty. Plaintiff recovered verdict and judgment.

*Wolcott & Perkins,* for appellant.

*McKnight & McAllister,* for appellee.

GRANT, C. J. (*after stating the facts*).   1. Defendant requested the court to instruct the jury that if they found the contract as claimed by plaintiff, and they should further find that, by mistake of the plaintiff, the defendant had been caused unnecessary expense in the construction of the building, they should determine the amount of such unnecessary expense, and deduct it from the value of the services rendered.   This was refused, and the court instructed the jury as follows:

"The notice of defendant, which I have called your attention to, alleges that the plans and specifications drawn by the plaintiff were unskillfully drawn, whereby the alleged damages resulted.   A person who holds himself out to the public in a professional capacity holds himself to be possessed of average ability in such profession, and the law implies that he contracts with his employer (1) that he possesses that requisite degree of learning, skill, and experience which is ordinarily possessed by the profession in the same art or science, and which is ordinarily regarded by the community, and by those conversant with that employment, as necessary and sufficient to qualify him to engage in such business; (2) that he will use reasonable and ordinary care and diligence in the exercise of his skill—in the application of his knowledge—to accomplish the purpose for which he is employed; (3) in stipulating to exert his skill and apply his diligence and care, an architect, like other professional men, contracts to use his best judgment.   If you shall find that the plaintiff was qualified to that degree which the law required him to be in his profession, then the question as to whether or not he did the work unskillfully is a question which you are to determine under the rule I have just given you.   If he made any mistakes by which the defendant was damaged, and it was through negligence or from incapacity, he is liable for such alleged specific damages as you may find from the evidence grew out of such negligence or incapacity.   If, from a mistake growing out of the exercise of his best judgment, he possessing the reasonable degree of learning, skill, and experience in his profession required by law or implied by law, then, in such case, he would

not be liable for any damage resulting therefrom. A mistake in judgment does not excuse negligence or ignorance."

The request does not correctly state the law. It makes the architect a warrantor of his plans and specifications, although they might be justified by the knowledge and experience of those ordinarily skilled in the business. The law does not imply such a warranty, or the guaranty of the perfection of his plans. The result may show a mistake or defect in them, although he may have exercised the reasonable skill required. Plans, now considered safe, experience and advanced knowledge of the science may hereafter show to be unsafe. The law requires only the exercise of ordinary skill and care, in the light of present knowledge. *Coombs* v. *Beede*, 89 Me. 187 (56 Am. St. Rep. 406); *Shipman* v. *State*, 43 Wis. 381; *Smothers* v. *Hanks*, 34 Iowa, 286 (11 Am. Rep. 141); 2 Am. & Eng. Enc. Law (2d Ed.), 818. The above authorities seem to hold that the responsibility of an architect does not differ from that of a lawyer or physician. When either possesses the requisite skill and knowledge, and in the exercise thereof has used his best judgment, he has done all that the law requires. The question was, Had plaintiff exercised that degree of care and skill and that judgment which are common to the profession or business? The defects alleged to exist in the plans were in the construction of the sewer, the cornice and coping for the towers, the stairway and elevator, and the flue of the chimney. If the plans and specifications for these parts of the building were justified by the common knowledge upon such matters at the time, and met the judgment and approval of those then ordinarily skilled and experienced in their construction, the plaintiff had complied with his contract. We think that the jury must so have understood the instructions.

2. Plaintiff gave defendant the following receipt:

"GRAND RAPIDS, MICH., Dec. 8, 1894.
"I hereby acknowledge full payment and satisfaction

for all services heretofore rendered, or hereafter to be rendered, in and about the preparation of plans for the business block to be built by M. J. Clark on South Ionia street, and in looking after the building of said block, to its completion.                               W. A. CHAPEL."

Error is assigned upon the following instruction:

"If the circumstances under which the receipt, so called, was given by the plaintiff, were as testified to by the plaintiff, it was given at the request of the defendant, under a promise by him that, as between them, it was to have no effect, and the defendant would, in fact, pay to plaintiff all that his services should be worth,—'would pay him well for his services,' in his own language."

The objection is that there was no testimony on which to base the instruction. The case evidently was tried by both parties upon the theory that this receipt was open to explanation. Plaintiff testified that defendant, just before leaving home for California, asked for this receipt, saying that it would make no difference with their agreement, and that he was going to pay him well for his work. There was a clear dispute as to the circumstances and reasons for giving this receipt, which made it a proper subject for the determination of the jury.

3. Several errors are assigned upon the admissibility of testimony. We find nothing in this testimony which we think was prejudicial to the defendant.

Judgment affirmed.

The other Justices concurred.