TEL-TWELVE SHOPPING CENTER *v.*
STERLING GARRETT CONSTRUCTION CO.

1. Limitation of Actions—Type of Action—Tort or Contract—
Financial Expectations.

The statute of limitations governing actions for breach of con-
tract applied to a suit by a shopping center against a grading
contractor who was hired by the center and who caused dam-
age to property adjacent to the center for which the center
was held liable, because the damages done concerned financial
expectations, not actual damage to plaintiff's person or prop-
erty (MCLA § 600.5807[8]).

2. Subrogation—Legal Subrogation—Conventional Subrogation.

Subrogation may be either legal or conventional; legal subroga-
tion arises by operation of law, while conventional subrogation
arises by contract.

3. Subrogation—Legal Subrogation—Payment of Contractor's
Damage.

Plaintiff shopping center was legally subrogated to an injured
adjacent property owner's cause of action against a con-
tractor, hired by the plaintiff to do grading and utility work,
where the contractor caused damage to the adjacent property
owner's land, the plaintiff was held liable and made payment
for the damage, and there was no contractual agreement that
plaintiff would be subrogated to the rights of injured party.

4. Subrogation—Subrogee's Position—Rights and Limitations.

A subrogee stands in the shoes of the person to whom he is
subrogated; he is not only entitled to the benefit of all
remedies available to the person to whom he is subrogated
but he is also limited to all the conditions and limitations
binding that person.

REFERENCES FOR POINTS IN HEADNOTES
[1] 51 Am Jur 2d, Limitation of Actions § 105.
[2–5] 50 Am Jur, Subrogation § 134.

5. Limitation of Actions—Subrogation—Damage to Person or Property.

> The subrogee of a person who has a cause of action for damage to person or property is bound by the statute of limitations governing the subrogor's cause of action; the subrogee's cause of action is barred where the three-year statutory period has run since the accrual of the subrogor's cause of action.

Appeal from Oakland, Robert L. Templin, J. Submitted Division 2 March 10, 1971, at Detroit. (Docket No. 9830.)   Decided June 23, 1971.

Complaint by Tel-Twelve Shopping Center against Sterling Garrett Construction Company for breach of contract and, as a subrogee, for negligence in causing property damage to land adjacent to Tel-Twelve.   Defendant's motion for accelerated judgment denied.   Defendant appeals by leave granted. Affirmed in part, reversed in part, and remanded.

*Hartman, Beier, Howlett, McConnell & Googasian* (by *Robert A. Maxwell*), for plaintiff.

*Gemuend, Barbier & Goulet* for defendant.

Before: Danhof, P. J., and J. H. Gillis and McGregor, JJ.

McGregor, J. On September 4, 1965, defendant Sterling Garrett Construction Company, Inc., a Michigan corporation, entered into an agreement with Aaron H. Gershenson, and others, doing business as Tel-Twelve Shopping Center, hereinafter referred to as Tel-Twelve.   The contract provided that, for a fixed sum of money, defendant would furnish labor and materials incident to and necessary for general grading and utilities work for Tel-Twelve.

Subsequent to the execution of the contract and during its performance by defendant, a controversy arose between Mr. Edward E. Shile, and others, who owned property adjacent to Tel-Twelve, and the plaintiff herein. Mr. Shile alleged that as a result of the work done pursuant to the contract between plaintiff and defendant in this case certain damages were caused to his property. On September 19, 1966, Mr. Shile commenced an action against Tel-Twelve (plaintiff herein) seeking reimbursement for the damages caused by the alleged negligence of defendant in this case, as an agent of plaintiff. At about the same time that Mr. Shile instituted suit against Tel-Twelve, Sterling Garrett Construction Co., Inc., completed all of the work pursuant to the contract with Tel-Twelve and was paid in full.

Sterling Garrett was never called upon to defend or in any way participate in the resolution of the litigation between Shile and Tel-Twelve. On October 21, 1969, the litigation was resolved by settlement between the parties, and a consent judgment for $25,000 was entered in favor of Shile.

On April 8, 1970, plaintiff in this case instituted suit against defendant on two counts: Count I alleged that defendant had breached its contract with plaintiff by causing damage to the property of adjacent landowners, which resulted in a judgment against plaintiff; Count II alleged certain acts of negligence of defendant in performing the contract with plaintiff, for which plaintiff paid damages, and plaintiff alleged that it became subrogated to the rights of the adjacent property owners as a result of the judgment entered October 21, 1969.

Service of process in the present suit was accomplished upon defendant on April 21, 1970. Defendant filed a motion to dismiss both counts (motion for accelerated judgment), based on the three-year stat-

ute of limitations,[1] and the motion was heard by the trial court on June 3, 1970. Defendant's motion was denied on both counts on June 8, 1970. On September 22, 1970, defendant was granted leave to take an interlocutory appeal from the order of the trial judge denying its motion to dismiss. The parties stipulated to a stay of proceedings, pending this interlocutory appeal.

Defendant contends that both counts of plaintiff's complaint are barred by the three-year statute of limitations, on the ground that the plaintiff's complaint seeks reimbursement exclusively for damages "to property."

"No person may bring or maintain any action to recover damages for injuries to persons or property unless, after the claim first accrued to himself or someone through whom he claims, he commences the action within the periods of time prescribed by this section. * * * (7) the period of limitations is three years 'for all other actions to recover damages for injuries to persons and property." MCLA § 600.5805 (Stat Ann 1962 Rev § 27A.5805).

Concerning Count I, plaintiff does not contend that defendant's actions caused damage to plaintiff's property, but rather that plaintiff has suffered economic detriment in the amount of $25,000 because of his loss of financial expectations and increased construction costs, and he relies in part on the following statute:

"No person may bring or maintain any action to recover damages or sums due for breach of contract, or to enforce the specific performance of any contract unless, after the claim first accrued to himself or someone through whom he claims, he commences the action within the periods of time prescribed by

---

[1] MCLA § 600.5805 (Stat Ann 1962 Rev § 27A.5805).

this section.  *  *  *  (8) the period of limitations is six years for all other actions to recover damages or sums due for breach of contract." MCLA § 600.5807 (Stat Ann 1962 Rev § 27A.5807).

It is plaintiff's contention that defendant's acts had the dual effect of committing a tort upon the adjacent landowner and committing a breach of contract vis-a-vis the plaintiff, and that the statute of limitations applicable to tort claims does not control plaintiff's action against defendant on the contract. *Schenburn v. Lehner Associates, Inc.* (1970), 22 Mich App 534.

In *Schenburn,* plaintiff brought an action in assumpsit and trespass on the case, alleging that the defendant had been employed by him to survey a parcel of land which plaintiff owned. As a result of his reliance on that survey, which plaintiff claimed was inaccurate, plaintiff was sued. Plaintiff claimed the losses he suffered were the result of defendant's negligence. He sought the sum of $10,000, which represented:

"legal fees incurred in his defense of the suit arising out of a sale of the property based on the survey, plus plaintiff's loss of time from work to defend in that suit, damage to his reputation at his place of employment, loss of previously good friends, and anxiety and damage to his future career." *Schenburn* v. *Lehner Associates, Inc.* (1970), 22 Mich App 534, 536.

The Court in *Schenburn* applied MCLA § 600.5807 (8) (Stat Ann 1962 Rev § 27A.5807[8]), and stated that the plaintiff's claim was not based on actual damage to his property or physical injury to his person, but that the plaintiff sought damages for injury to his financial expectations. See *State Mutual Cyclone Insurance Company* v. *O & A Elec-*

*tric Cooperative* (1968), 381 Mich 318; *Fries* v. *Holland Hitch Company* (1968), 12 Mich App 178.

In the instant case, the damage done concerned financial expectations, not actual damage to plaintiff's property or physical injury to his person. The cause of action set forth in Count I of plaintiff's complaint is controlled by the six-year statute of limitations of MCLA § 600.5807(8) (Stat Ann 1962 Rev § 27A.5807[8]).

Plaintiff's second count is in subrogation. Subrogation is of two kinds, namely legal and conventional: legal subrogation being that which arises by operation of law, and conventional subrogation that which arises by contract. In *French* v. *Grand Beach Co.* (1927), 239 Mich 575, 580, the Michigan Supreme Court said:

"The doctrine of subrogation rests upon the equitable principle that one who, in order to protect a security held by him, is compelled to pay a debt for which another is primarily liable, is entitled to be substituted in the place of and to be vested with the rights of the person to whom such payment is made, without agreement to that effect. This doctrine is sometimes spoken of as 'legal subrogation' and has long been applied by courts of equity. *Stroh* v. *O'Hearn* (1913), 176 Mich 164, 177. There is also what is known as 'conventional subrogation.' It arises from an agreement between the debtor and a third person whereby the latter, in consideration that the security of the creditor and all his rights thereunder be vested in him, agrees to make payment of the debt in order to relieve the debtor from a sacrifice of his property due to an enforced sale thereof. It is wholly independent of any interest in the property which the lender may have to protect. It does not, however, inure to a mere volunteer who has no equities which appeal to the conscience of the

court." Cited with approval in *Machined Parts Corp.* v. *Schneider* (1939), 289 Mich 567, 574.

It is apparent that, of the two types of subrogation, plaintiff's claim is legal in nature.

The parties are in agreement that the applicable statute of limitations governing this count is MCLA § 600.5805(7) (Stat Ann 1962 Rev § 27A.5805(7)), but there is disagreement as to when plaintiff's claim for subrogation first accrued.

Defendant contends that the plaintiff's claim under this count could not have accrued any later than September 19, 1966, when Mr. Shile commenced an action against Tel-Twelve (plaintiff herein) seeking reimbursement for damages caused by the alleged negligence of defendant in this case.

We find that the disposition of this count is governed and controlled by the decision in *Bay State Milling Co.* v. *Izak* (1945), 310 Mich 601, 602, 603. We, therefore, quote at length from the case:

"Silas V. Thomas, an employee of the Bay State Milling Company, on January 21, 1939, met with a compensable accident, due, as he alleges, to the negligence of Anheuser-Busch, Inc. and Paul Izak, the driver of the latter's truck, defendants herein. He sought compensation from his employer. The Hartford Accident & Indemnity Company, the insurer of the milling company and in its behalf, paid to Mr. Thomas large sums for workmen's compensation awards which included an amount for redemption of liability and also for medical and hospital expenses. On June 10, 1942, more than three years from the date of the accident, Bay State Milling Company, for the use and benefit of the Hartford Accident & Indemnity Company, plaintiff as described herein, brought a common law action of trespass on the case and assumpsit against Anheuser-

Busch, Inc. and Paul Izak, defendants. The judge directed a verdict for defendants on the ground that plaintiff was subrogatd only to the right of Silas V. Thomas, the injured employee; that an action to recover damages for injuries to person or property must be brought within three years from the time said action accrues."

In that case, the sole question was "whether the statute of limitations had run against the claim at the time the action was begun". Plaintiff had claimed that no action could arise until there. was a compensation award, and that the statutory three years began to run from the time of the payment of the award. The Court concluded that there was nothing in the Workmen's Compensation Act which would justify an inference that the existing statute of limitations did not apply to rights accruing under the act, and said that there is nothing in the act or its title that amends the statute of limitations which forbids the prosecution of stale claims.

It is likewise in the instant case, that the claim did not accrue later than when the action was filed by Mr. Shile against Tel-Twelve, in September, 1966. But see *Associated Truck Lines* v. *Employers' Fire Ins. Co. of Boston, Mass.* (1936), 275 Mich 74. While it is true that a person entitled to subrogation stands in the shoes of the creditor, is entitled to the benefits of all the remedies of the creditor, and may use the means which a creditor could employ to enforce payment, he can enforce and employ only such rights as a creditor could enforce or use and, therefore, must exercise such rights under the same conditions and limitations as were binding on the creditor. See *Michigan Hospital Service* v. *Sharpe* (1954), 339 Mich 357. We rule that plaintiff's Count II is dismissed for the reason that the statute of limitations had run.

Affirmed in part, reversed in part, and remanded for further proceedings not inconsistent with the holding herein.   Costs to plaintiff.

All concurred.