CITY OF MIDLAND v HELGER CONSTRUCTION COMPANY, INC

Docket No. 83931. Submitted May 6, 1986, at Detroit. Decided February 17, 1987.

On August 13, 1973, the City of Midland and Alden B. Dow Associates, Inc., an architectural firm, entered into an agreement whereby Dow was to provide professional services related to the design and construction of an ice arena in Midland. On June 28, 1974, the parties entered into a contract which provided for the design and supervision of Phase II, a pool facility, including a roofing system. The city subsequently entered into a construction contract with Helger Construction Company for construction of the facilities. On July 15, 1976, the city accepted the construction work and a certificate of substantial completion was executed. On September 25, 1980, the roof was found to be defective, and, on July 2, 1982, the city filed suit against Helger, its insurance company, Alden B. Dow Associates, Inc., its successor in interest, and various individual architects in Midland Circuit Court alleging, inter alia, breach of express and implied warranties, breach of contract, and negligence on the part of the architectural firm and its architects (Dow). The court, Tyrone Gillespie, J., granted accelerated judgment in favor of Dow, finding that plaintiff's action was barred by the applicable statute of limitations. The court also denied Dow's motion for partial summary judgment as to the breach of express and implied warranties claims, struck plaintiff's first amended complaint, subsequently granted Dow's motion for summary judgment as to the express and implied

REFERENCES

Am Jur 2d, Architects §§ 23-25.

Am Jur 2d, Contracts §§ 324-328.

Am Jur 2d, Occupations, Trades, and Professions §§ 70 et seq.

Am Jur 2d, Pleading §§ 309 et seq.

Am Jur 2d, Summary Judgment §§ 4 et seq.

Validity and construction, as to claim alleging design defects, of statute imposing time limitations upon action against architect or engineer for injury or death arising out of defective or unsafe condition of improvement to real property. 93 ALR3d 1242.

When statute of limitations begins to run on negligent design claim against architect. 90 ALR3d 507.

warranties claim, and denied plaintiff's request for leave to amend its complaint again. Plaintiff appealed.

The Court of Appeals *held:*

1. The trial court correctly determined that plaintiff's malpractice claim against Dow was barred by the two-year general malpractice statute of limitations applicable to licensed professionals. That statute applies to architects as well as to health care professionals. The six-year statute of limitations relied upon by plaintiff applies to claims of injured third parties, not to claims against architects or engineers for professional malpractice.

2. The trial court correctly found that the last service rendered by Dow within the meaning of the general malpractice statute of limitations occurred on July 15, 1976, and that the city discovered the alleged defect on September 25, 1980.

3. The trial court did not err in striking plaintiff's first amended complaint.

4. The trial court erred in denying the city leave to amend its complaint a second time. The city's proposed second amended complaint sets forth a claim not for professional negligence or malpractice, but, rather, for breach of contract, which relates back to the date of filing of the original complaint and is subject to a six-year statute of limitations. Thus the amendment would not be futile.

Reversed in part and affirmed in part.

1. LIMITATION OF ACTIONS — ARCHITECTS — ENGINEERS.

The six-year period from the date of occupancy, acceptance or use of an improvement within which an action against a state licensed architect or professional engineer for damages for injuries arising out of the defective condition of the improvement where such injuries are the result of the architect's or engineer's services with respect to the improvement was enacted primarily to limit actions brought by injured third parties and was not intended to apply to actions brought by the owner of the improvement to recover for defects to the improvement itself; actions by the owner of an improvement for defects in the improvement resulting from malpractice of state licensed architects and professional engineers are governed by the general malpractice statutes of limitation (MCL 600.5839; MSA 27A.5839).

2. LIMITATION OF ACTIONS — PROFESSIONAL MALPRACTICE — LAST TREATMENT RULE.

The essence of the last treatment rule for statute of limitations purposes in professional malpractice actions is that the cessa-

tion of the ongoing professional-client relationship marks the point where the statute of limitations begins to run; an isolated contact between a client and a professional cannot act to revive the statutory period for bringing an action.

3. CONTRACTS — DIVISIBILITY.

Generally, a contract is entire when, by its terms, nature and purpose, it contemplates that each and all of its parts are interdependent and common to one another and to the consideration and is severable when, in its nature and purpose, it is susceptible of division and apportionment; the singleness or apportionability of the consideration for a contract is the principal test in determining whether the contract is entire or divisible, for, if the consideration to be paid is single and entire, the contract must be held to be entire, although the subject thereof may consist of several distinct and wholly independent items.

4. CONTRACTS — INTERPRETATION — SUMMARY JUDGMENT.

Questions of contract interpretation, absent any offer of proof giving rise to issues of fact, may properly be disposed of by summary judgment.

5. PLEADING — AMENDMENT OF PLEADINGS.

Leave to amend pleadings shall be freely given when justice so requires (MCR 2.118[A][2]).

*Federlein & Grylls, P.C.* (by *Walter J. Federlein*), for plaintiff.

*Sullivan, Ward & Bone, P.C.* (by *Michelle A. Thomas*), for defendants.

Before: BRONSON, P.J., and GRIBBS and M. E. CLEMENTS,* JJ.

GRIBBS, J. Plaintiff, the City of Midland, and Alden B. Dow Associates, Inc., entered into an agreement on August 13, 1973, pursuant to which Dow was to provide professional services related to the design and construction of an ice arena in Midland. On June 28, 1974, the parties entered

---

* Circuit judge, sitting on the Court of Appeals by assignment.

into a contract which provided for the design and supervision of Phase II, a pool facility, including a roofing system. The city entered into a construction contract with Helger Construction Company, Inc., for construction of the facilities. On July 15, 1976, the city accepted the construction work and a certificate of substantial completion was executed. On September 25, 1980, the owners found the roof to be defective, and on July 2, 1982, the city filed suit against Helger Construction Company, Inc., its insurer, Hartford Accident & Indemnity Company, Alden B. Dow Associates, Inc., its successor, Dow-Howell-Gilmore Associates, Inc., and architects Alden B. Dow, H. C. Allison, James H. Howell, and Richard J. Knopf (Dow and the architect defendants will be referred to hereafter as defendants).

On December 2, 1982, the Midland Circuit Court granted accelerated judgment to defendants, and an order to that effect was entered on February 15, 1983. On February 15, 1983, defendants' motion for partial summary judgment was denied.

Plaintiff filed a first amended complaint, and on July 18, 1983, the circuit court granted defendants' motion to strike the amended complaint. A final order and judgment striking plaintiff's first amended complaint was entered on March 8, 1985. The court also granted defendants' motion for summary judgment as to plaintiff's express and implied warranty claims set out in Count III of plaintiff's complaint. On March 13, 1985, plaintiff's motion for leave to amend its complaint was denied.

On appeal, plaintiff raises three issues. First, it argues that the circuit court erred in holding that the city's architectural malpractice claim was barred by the two-year statute of limitations set forth in MCL 600.5838, MSA 27A.5838, because

that provision applies only to state licensed health professionals, and not to architects. We disagree.

MCL 600.5839(1); MSA 27A.5839(1), the architect's and engineer's statute, provided as follows when plaintiff's cause of action accrued:[1]

> No person may maintain any action to recover damages for any injury to property, real or personal, or for bodily injury or wrongful death, arising out of the defective and unsafe condition of an improvement to real property, nor any action for contribution or indemnity for damages sustained as a result of such injury against any state licensed architect or professional engineer performing or furnishing the design or supervision of construction of such improvement more than 6 years after the time of occupancy of the completed improvement, use or acceptance of such improvement. This limitation shall not apply to actions against any person in actual possession and control as owner, tenant or otherwise, of the improvement at the time the defective and unsafe condition of such improvement constitutes the proximate cause of the injury or damage for which the action is brought.

MCL 600.5838; MSA 27A.5838, the general malpractice statute, provided:

> (1) A claim based on the malpractice of a person who is, or holds himself out to be, a member of a state licensed profession, intern, resident, registered nurse, licensed practical nurse, registered physical therapist, clinical laboratory technologist, inhalation therapist, certified registered nurse anesthetist, x-ray technician, hospital, licensed health care facility, employee or agent of a hospital or licensed health care facility who is engaging in or otherwise assisting in medical care and treatment, or any other state licensed health profes-

---

[1] The statute was amended effective March 31, 1986.

sional, accrues at the time that person discontinues treating or otherwise serving the plaintiff in a professional or pseudoprofessional capacity as to the matters out of which the claim for malpractice arose, regardless of the time the plaintiff discovers or otherwise has knowledge of the claim.

(2) An action involving a claim based on malpractice may be commenced at any time within the applicable period prescribed in sections 5805 or 5851 to 5856, or within 6 months after the plaintiff discovers or should have discovered the existence of the claim, whichever is later. The burden of proving that the plaintiff, as a result of physical discomfort, appearance, condition or otherwise, neither discovered nor should have discovered the existence of the claim at least 6 months before the expiration of the period otherwise applicable to the claim shall be on the plaintiff. A malpractice action which is not commenced within the time prescribed by this subsection is barred.

In this case, we must determine which of the above is the proper statute of limitations to apply to the city's claim against defendant. First, we note that the general malpractice statute applies to architects as well as to health care professionals. See *Sam v Balardo,* 411 Mich 405, 425-427; 308 NW2d 142 (1981); *Chapel v Clark,* 117 Mich 638, 640; 76 NW 62 (1898). Thus, plaintiff's contention that it applies only to health care professionals must be rejected.

In *City of Marysville v Pate, Hirn & Bogue, Inc,* 154 Mich App 655; 397 NW2d 859 (1986), a panel of this Court faced a similar question. In that case, the panel, relying on the "arising out of" language in the architect's and engineer's statute, concluded that, where a suit is for deficiencies in an improvement itself, the architect's and engineer's statute does not apply. That statute was enacted to limit engineers' and architects' exposure to litigation by

injured third parties, and *not* to limit their liability for malpractice, *Marysville,* p 660; *O'Brien v Hazelet & Erdal,* 410 Mich 1, 14; 299 NW2d 336 (1980). Thus, the architect's and engineer's statute applies to claims of injured third parties, but not to claims against architects or engineers for professional malpractice. The general malpractice statute applies to claims like the one presented in this case, *Marysville,* p 661. Thus, the circuit court's conclusion that plaintiff's claim was barred by the general malpractice statute of limitations was correct.

Next, the city argues that the circuit court abused its discretion and engaged in fact-finding by granting accelerated judgment, striking plaintiff's first amended complaint, and dismissing plaintiff's warranty claim by summary judgment. Three separate issues are raised by this argument.

First, plaintiff asserts that the circuit court erred when it assumed that the last service rendered within the meaning of the general malpractice statute occurred on July 15, 1976, and that the city discovered the alleged defect on September 25, 1980. Plaintiff's complaint contained the following allegations:

> 16. That on July 15, 1976, Plaintiff accepted the construction work as being substantially complete and assumed possession thereof, as stated in the Certificate of Substantial Completion. A copy of said Certificate is attached hereto, marked Exhibit A, and made a part hereof.
>
> 17. That on or about September 25, 1980, the roofing system was found to be defective, both in the design and installation, so that under ordinary use it has continued to deteriorate to a point where water must be collected inside the arena in receptacles and temporary drain lines and said roof system is unsuitable for its intended use.

Although the city concedes that it took possession of the facility on July 15, 1976, it argues that defendants last rendered services in March or April of 1982. We disagree.

The essence of the "last treatment rule" is that cessation of an ongoing professional-client relationship marks the point when the general malpractice statute of limitations begins to run. See *Heisler v Rogers,* 113 Mich App 630, 633; 318 NW2d 503 (1982). An isolated contact between a client and a professional cannot act to revive the statutory period for bringing an action. See *Juravle v Ozdagler,* 149 Mich App 148, 155; 385 NW2d 627 (1985).

Plaintiff claims that, because City Manager Clifford Miles consulted with defendants between 1980 and 1982 in order to repair and resolve the defective condition, plaintiff's cause of action accrued in 1982. However, there was no contact between the city and defendants from July of 1976 until September, 1980. The contacts which took place from 1980 through 1982 did not constitute a continuation of professional services, and they did not serve to revive plaintiff's cause of action for malpractice. Thus, as a matter of law, Dow's remedial efforts in 1980 through 1982 did not revive plaintiff's cause of action for malpractice.

The city also argues that the circuit court erred in striking its first amended complaint. We disagree.

In order to avoid the six-month discovery period set out in MCL 600.5838; MSA 27A.5838, the city alleged in its first amended complaint that the parties' contract was severable into five separate parts, each subject to a different date of completion. The city theorized that the "design phase" of the contract was completed before § 5838 was amended, so the judicially imposed two-year dis-

covery period applied to the claim of defective design. The circuit court concluded that the parties' contract was a single agreement, so that the amended complaint alleged no facts in avoidance of the statutes of limitations, and granted defendants' motion to strike pursuant to GCR 1963, 115.2, now MCR 2.115(B).

In *City of Lansing v Lansing Twp,* 356 Mich 641; 97 NW2d 804 (1959), the Supreme Court concluded:

> As a general rule, a contract is entire when, by its terms, nature and purpose, it contemplates that each and all of its parts are interdependent and common to one another and to the consideration, and is severable when, in its nature and purpose, it is susceptible of division and apportionment.
>
> The singleness or apportionability of the consideration appears to be the principal test. The question is ordinarily determined by inquiring whether the contract embraces one or more subject matters, whether the obligation is due at the same time to the same person, and whether the consideration is entire or apportioned. If the consideration to be paid is single and entire, the contract must be held to be entire, although the subject thereof may consist of several distinct and wholly independent items. [356 Mich 658.]

Absent an offer of proof giving rise to an issue of fact, a question of contract interpretation is a proper matter for summary judgment, *Burroughs Corp v Detroit,* 18 Mich App 668, 674-675; 171 NW2d 678 (1969).

The contract did refer to five "phases" of the project. However, each of those phases was a part of the "Architects Services," each phase was dependent upon completion of the prior phase, and a "single stipulated sum" for payment of the basic

services was provided. Since the consideration to be paid was "single and entire," the contract was entire, *Lansing, supra.*

We decline to consider plaintiff's argument that the circuit court erred in granting summary judgment on the city's breach of warranty claim. While plaintiff makes that claim in the title to its second issue on appeal, it does not argue the point in the body of its brief. Consequently, we conclude that the issue has been waived. See *In the Matter of Futch,* 144 Mich App 163, 166; 375 NW2d 375 (1984).

Lastly, the city argues that the circuit court erred in denying the city leave to amend its complaint a second time. We agree.

Leave to amend shall be freely given when justice so requires, MCR 2.118(A)(2). Defendants argue that the amendment would be futile because plaintiff's new claim would be barred by the malpractice statute of limitations. However, the city's proposed second amended complaint sets forth a claim not for professional negligence or malpractice, but, rather, for breach of contract. Because that claim arises out of the same conduct addressed in the city's original complaint, the breach of contract allegations relate back to the date of filing of the original complaint, MCR 2.118(D). The statute of limitations applicable to a breach of contract action is the six-year period set out at MCL 600.5807(8); MSA 27A.5807(8). Since the city's original complaint was filed within that six-year limitation period, the amendment is not futile. Consequently, we conclude that the circuit court erred by denying leave to amend.

Reversed in part and affirmed in part.

BRONSON, P.J., did not participate.